UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY LEE KENDALL,

Plaintiff,

v. Case No. 8:14-cv-924-T-33TGW

ERIC K. SHINSEKI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,[1]

Defendant.
_______________________________/

**ORDER**

This cause is before the Court pursuant to Defendant the United States Department of Veterans Affairs' Motion to Dismiss Plaintiff's Complaint (Doc. # 5), filed on June 30, 2014. Pro se Plaintiff Tracy Lee Kendall failed to file a response in opposition to the Motion. For the reasons stated below, and for the reasons stated at the hearing held on July 23, 2014, the Court grants the Government's Motion and

[1] On May 30, 2014, Shinseki resigned from his position as Secretary of the Department of Veterans Affairs. On the same day, Sloan D. Gibson was appointed Acting Secretary of the Department of Veterans Affairs.

authorizes Kendall to file an amended complaint on or before August 22, 2014.[2]

## I. Background

Kendall filed a complaint against the Government on April 17, 2014, seemingly alleging that an Equal Employment Opportunity Commission appellate affirmation of a VA final order was decided incorrectly. (Doc. # 1). Kendall states that his claim arose from his EEO complaint "alleging employment discrimination in violation of" 29 U.S.C. §§ 791, 794, and 42 U.S.C. § 2000e-16. (Id.). He attached two "briefs" as exhibits to his complaint, as well as a decision entered by the EEOC on June 26, 2013. (Doc. ## 1-1, 1-2, 1-4). Considered collectively, these documents span eighty-one pages.

Although Kendall contests some of the factual determinations made by the Administrative Law Judge and the EEOC, the Court shall use some of the facts provided by the EEOC decision where such information was not provided by Kendall to establish a background for this case.

[2] Via separate Order (Doc. # 10) and as discussed at the hearing on July 23, 2014, the Court has granted Kendall access to the Court's Electronic Filing System to prevent any delay in Kendall's receipt of Court Orders and other filings in this case.

Kendall is a sixty percent disabled veteran with two artificial knees as a result of a military service-related injury, which entitles him to a "10-point veteran preference." (Doc. # 1-2 at ¶ 1). Kendall applied for an Engineering Technician position at Bay Pines Medical Center, but another candidate was selected. (Doc. ## 1-1 at 1; 1-4 at 1-2). While visiting the VA's Human Resources Office in January of 2009, Kendall was told that if he could pass a physical examination, "the way to get into the Agency was [to] take a housekeeping job." (Doc. # 1-4 at 2). Kendall applied for a Housekeeping Aid position and was hired on January 26, 2009, after passing a physical examination. (Id.). During the examination, Kendall indicated that he had artificial knees. (Id.).

On or about February 1, 2009, Kendall began the Housekeeping Aid position. (Id.). He worked on a remodeling project after several days of orientation. (Id.). On February 9, 2009, he was directed to mop a floor, which he refused to do because he claimed that he was unable to work on wet surfaces due to his artificial knees. (Id.; Doc. # 1-2 at ¶ 1). Kendall was told that he would need to work on wet surfaces to perform the housekeeping job, and thus he planned to resign from the position. (Doc. # 1-4 at 2). Before he

resigned, he was "encouraged to request a reasonable accommodation." (Id.). Kendall submitted a reasonable accommodation application package on or about February 16, 2009. (Id.). In his application, he listed several alternative jobs that he could perform with or without accommodation. (Id.). However, on May 19, 2009, Kendall's employment with the VA was terminated. (Id.)

According to Kendall, he filed an EEO complaint on June 2, 2009, claiming that he was discriminated against on the basis of his physical disability when another candidate was selected for the Engineering Technician position instead of him and when he was not provided a reasonable accommodation to help him fulfill his duties as a Housekeeping Aid. (Doc. # 1-2 at 1). Kendall further alleges that he was discriminated against on the basis of his disability and was subject to "reprisal" due to his prior EEO activity when he was terminated from his Housekeeping Aid position. (Id. at 1-2). The VA conducted an investigation of Kendall's claims and provided him with a report of investigation on August 28, 2009. (Id. at 1; Doc. # 1-4 at 2). Kendall requested a hearing, which the EEOC Administrative Law Judge denied. The ALJ issued a decision on August 25, 2010. (Doc. ## 1-2 at 2; 1-4 at 2).

The ALJ found that Kendall was qualified for the position and that he had successfully "established a prima facie case of disability discrimination." (Doc. ## 1-2 at 2, 1-4 at 2). The ALJ determined, however, that the VA "proffered legitimate, nondiscriminatory reasons for its actions," and that Kendall failed to establish that the VA's reasons for selecting the other applicant were mere pretext for discrimination. (Doc. # 1-4 at 2). The ALJ also found that Kendall was a disabled employee entitled to a reasonable accommodation, but that he failed to identify alternative positions for which he could perform the position's essential functions with or without an accommodation. (Id.; Doc. # 1-2 at 3-4). The ALJ further found that mopping floors was an essential function of the Housekeeping Aid position, and Kendall failed to establish a prima facie case of retaliation because he did not show that those who terminated his employment had knowledge of his prior EEO activity. (Doc. ## 1-2 at 3-4; 1-4 at 2).

The VA issued a final order on October 8, 2010, adopting the ALJ's finding that Kendall failed to prove that the VA discriminated against him. (Doc. ## 1-2 at 2; 1-4 at 2). Kendall appealed to the EEOC, alleging that the ALJ "erred in issuing a decision without a hearing," and that other factual

determinations made by the ALJ were incorrect. (Doc. # 1-4 at 3). Kendall requested that the EEOC reverse the final order and grant a hearing on the claims. (Id.). After reviewing the ALJ's legal and factual conclusions de novo, the EEOC affirmed the VA's "final order adopting the ALJ's decision without a hearing and its finding that [Kendall] failed to establish he was discriminated against as alleged" on June 26, 2013. (Id. at 3-4, 7, 10).

    Kendall filed the present action on April 17, 2014. (Doc. # 1). Kendall's primary complaint is a six-page untitled document, to which he attached three exhibits: a seventeen-page document titled "Plaintiff's Brief" (Doc. # 1-1), a forty-six-page document titled "Complainant's Brief" (Doc. # 1-2), and the EEOC's ten-page decision entered on June 26, 2013. (Doc. # 1-4). The Government filed a Motion to Dismiss on June 30, 2014, asserting that the case should be dismissed pursuant to Fed. R. Civ. P. 41(b) for failing to comply with Fed. R. Civ. P. 8's technical requirements or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. # 5). Kendall failed to file a response to the Motion and the time for him to do so has now expired.

## II. Legal Standard

### A. Fed. R. Civ. P. 41(b)

According to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Such a dismissal may occur through the district court's exercise of its discretion or upon a motion by the defendant. Betty K Agencies, Ltd. v. M/V/ Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). Dismissal pursuant to Rule 41(b) is ordinarily granted with prejudice unless otherwise ordered by the court, and thus, it is "considered an extraordinary remedy." Sussman v. Salem, Saxon and Nielsen, P.A., 154 F.R.D. 294, 299 (M.D. Fla. 1994). Accordingly, a Rule 41(b) dismissal with prejudice is only appropriate where "there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotations omitted).

### B. Fed. R. Civ. P. 12(b)(6)

On a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth

Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. Analysis

### A. Rule 41(b) Motion to Dismiss

The Government asserts that a Fed. R. Civ. P. 41(b) dismissal is appropriate because Kendall "failed to comply with any of the pleading requirements of Rule 8." (Doc. # 5 at 3). According to the Government, because none of Kendall's filings include a jurisdictional statement, "it is impossible

to evaluate the complaint and properly defend against it by filing a proper answer or determining whether it is proper to file a motion to dismiss for either lack of subject matter jurisdiction or for failure to state a claim for which relief can be granted." (Id. at 7). Furthermore, the Government contends that Kendall's allegations leave it unclear what relief he is seeking, be it judicial review of the EEOC's decision, reversal of Kendall's termination, or administrative review of the VA's selection process, and thus dismissal is appropriate. (Id. at 5-7).

Because Rule 41(b) dismissal is such an extreme and drastic remedy, it is inappropriate where a pro se plaintiff has filed a complaint, "however inartfully pleaded," absent "a clear record of delay or willful conduct." Calloway v. Perdue Farms, Inc., 313 F. App'x 246, 249 (11th Cir. 2009). Furthermore, such dismissal is unfitting where lesser sanctions would adequately remedy the situation. Id. Here, granting Kendall leave to amend his complaint would afford him the opportunity to better articulate what relief he seeks from this Court, which, in turn, would better allow the Government to evaluate the complaint and determine the appropriate response. Therefore, the Court declines to employ Rule 41(b), Fed. R. Civ. P., at this juncture.

**B. Rule 12(b)(6) Motion to Dismiss**

In the alternative to dismissal pursuant to Fed. R. Civ. P. 41(b), the Government seeks dismissal of Kendall's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 5 at 7). The Government contends that because Kendall "has not identified the relief he is seeking, it is not possible for the Court to grant any relief, and the case should be dismissed." (Id.). During the hearing held on July 23, 2014, Kendall conceded that amendment of the complaint was necessary as the complaint fails to comply with Fed. R. Civ. P. 8.

Rule 8 requires that a pleading contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). Pro se complaints are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Baltimore v. Jim Burke Motors, Auto., 300 F. App'x 703, 705-07 (11th Cir. 2008). It is appropriate to dismiss a complaint where a plaintiff fails to provide a sufficient jurisdictional statement. Knox v. United States, 874 F. Supp.

1282, 1284 (M.D. Ala. 1995) (finding dismissal of complaint appropriate because plaintiff did not include a sufficient jurisdictional statement and thus failed to comply with Fed. R. Civ. P. 8's pleading requirements). It is also appropriate to dismiss a case stemming from an administrative claim where the plaintiff has failed to allege that he or she has exhausted the administrative process. (Id.).

Without a jurisdictional statement, this Court cannot determine whether it has subject matter jurisdiction over the case and whether it is capable of providing the relief that Kendall seeks. Although Kendall references several federal statutes in his complaint, it is unclear from where he is deriving the jurisdiction to file the present action and to what relief such jurisdiction entitles him. Therefore, despite Kendall's detailed factual allegations, this Court is inclined to agree with the Government that it is impossible to evaluate the complaint or its sufficiency due to the lack of a jurisdictional statement. The Court notes that although Kendall failed to allege that he exhausted the administrative remedies, the Government conceded at the hearing on July 23, 2014, that it is under the impression that Kendall has, in fact, exhausted his administrative remedies.

The Court also notes that it should not have to examine over sixty pages of exhibits that merely constitute long-winded recitations of events and legal arguments to ascertain why a plaintiff is entitled to relief. In Windsor v. Colorado Department of Corrections, 9 F. App'x 967, 969 (10th Cir. 2001), the court found that a pro se plaintiff failed to comply with the pleading requirements of Rule 8 because "the sheer volume of the complaint and its attachments" did not sufficiently provide the defendants with fair notice of the claims against them. This Court finds that Kendall's complaint and exhibits do not comply with Rule 8(a)(2)-(3) because they are excessively long and fail to plainly articulate (1) why this Court has jurisdiction, (2) Kendall's causes of action, and (3) what relief or remedy Kendall seeks.

**IV. Conclusion**

The Government's Motion to Dismiss is granted pursuant to Fed. R. Civ. P. 12(b)(6) because Kendall failed to state a claim upon which relief may be granted. However, Kendall is granted leave to file an Amended Complaint that, in compliance with Fed. R. Civ. P. 8, shortly and plainly states the grounds for this Court's jurisdiction, why he is entitled to relief, and the specific remedy he seeks. The Court directs Kendall to structure his Amended Complaint in a single

document with counts and numbered paragraphs to facilitate the Government and the Court's understanding of his allegations. Kendall is directed to file his Amended Complaint on or before August 22, 2014.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Government's Motion to Dismiss (Doc. # 5) is **GRANTED.** The Complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

(2) Kendall has until and including August 22, 2014, to file his Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of July, 2014.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record