UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY LEE KENDALL,

    Plaintiff,

v.                                    Case No. 8:14-cv-924-T-33TGW

ERIC K. SHINSEKI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,[1]

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant the United States Department of Veterans Affairs' Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 18), filed on September 3, 2014. Plaintiff Tracy Lee Kendall, who is now represented by counsel, filed a Response in Opposition to the Motion to Dismiss (Doc. # 25) on September 26, 2014. For the reasons stated below, the Court grants the Government's

---

[1] On July 29, 2014, the United States Senate confirmed Robert A. McDonald as Secretary of the Veterans Affairs. (Doc. # 18 at 1).

Motion to Dismiss and authorizes Kendall to file a Second Amended Complaint on or before October 17, 2014.[2]

**Discussion**

Kendall filed a pro se Complaint against the Government on April 17, 2014, seemingly alleging that an Equal Employment Opportunity Commission appellate affirmation of a VA final order was decided incorrectly. (Doc. # 1). Kendall stated that his claim arose from his EEO complaint "alleging employment discrimination in violation of" 29 U.S.C. §§ 791, 794, and 42 U.S.C. § 2000e-16. (Id.). He attached two "briefs" as exhibits to his Complaint, as well as a decision entered by the EEOC on June 26, 2013. (Doc. ## 1-1, 1-2, 1-4). Considered collectively, these documents spanned eighty-one pages.

On June 30, 2014, in response to the initial Complaint, the Government filed a detailed Motion to Dismiss. (Doc. # 5). The Government highlighted various deficiencies present in the Complaint, including that "plaintiff does not make a jurisdictional statement or set[] forth a request for relief." (Id. at 7). At the time, Kendall was appearing pro

---

[2] Via separate Notice, counsel for Kendall has stated that he is unavailable from September 30, 2014, to October 6, 2014. (Doc. # 24).

2

se. Kendall missed the deadline to respond to the initial Motion to Dismiss, nevertheless, in an abundance of fairness, and after conducting a hearing on the matter, the Court entered a detailed Order granting the initial Motion to Dismiss and authorizing Kendall to file an Amended Complaint, on or before August 22, 2014, to cure the deficiencies identified in the initial Complaint. (Doc. ## 8, 12).

On August 20, 2014, Kendall, who had yet to secure the representation of counsel at that time, filed a two page Amended Complaint. (Doc. # 15). The Amended Complaint predicated the Court's subject matter jurisdiction upon complete diversity of citizenship (even though Kendall is suing the United States). Kendall alleged only three "grounds" for relief, and demanded "restitution in the amounts of $400,000.00." (Doc. # 15 at ¶ 4).

The Government responded to the Amended Complaint on September 3, 2014, by filing the present Motion to Dismiss. (Doc. # 18). The Government seeks dismissal of the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. In the Motion, the Government points out that "the amended complaint does not identify a statute under which the Court may exercise

3

subject matter jurisdiction over plaintiff's purported case." (Id. at 3). In addition, assuming arguendo that Kendall predicate's the Court's subject matter jurisdiction on application of the Americans with Disabilities Act and/or the Rehabilitation Act, the Government correctly notes that "plaintiff has not provided any factual allegations that would support a claim for relief under either statute." (Id. at 4). The Government also indicates that the Amended Complaint is silent with respect to Kendall's exhaustion of administrative remedies. (Id. at 9).

On September 26, 2014, counsel entered a notice of appearance on behalf of Kendall (Doc. # 23), and filed a response in opposition to the Motion to Dismiss. (Doc. # 25). To the Court's disappointment, the response does not address any of the points raised in the Government's Motion to Dismiss. Rather, in a glib and conclusory manner, counsel for Kendall responds that:

> While concise and pled pro se, it is apparent from the four corners of the complaint and attached exhibits thereto that the motion to dismiss must be denied. Moreover, Plaintiff Tracy Lee Kendall has stated proper causes of action against Defendant in his Complaint and, should discovery lead to the conclusion that the causes of action be changed, Plaintiff Tracy Lee Kendall must be given the opportunity to amend his complaint.

4

(Doc. # 25 at 2).[3] Counsel for Kendall also argues: "Regarding the causes of action in question, the allegations pled meet requirements." (Id. at 3).

To the Court's astonishment, counsel for Kendall never clarifies what Kendall's "causes of action" might be, and reference to the Amended Complaint itself, which is not divided into counts, is unhelpful. Rather than requiring the Government to file an Answer to a pro se Amended Complaint that is devoid of a jurisdictional statement, fails to identify any causes of action, and is completely lacking in supporting factual allegations, the Court determines that the best course of action is to grant the Motion to Dismiss. The Amended Complaint is dismissed without prejudice and with leave for Kendall to file a Second Amended Complaint with the assistance of counsel on or before October 17, 2014.[4]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

---

[3] The Court notes that the Amended Complaint includes no exhibits.

[4] The Court acknowledges that the Case Management and Scheduling Order deadline for amendment of pleadings expired on September 15, 2014. (Doc. # 9). Nevertheless, the Court finds good cause to grant Kendall a final opportunity to amend after the expiration of this deadline.

5

(1) The Government's Motion to Dismiss Amended Complaint (Doc. # 18) is **GRANTED**. The Amended Complaint is dismissed without prejudice.

(2) Kendall has until and including October 17, 2014, to file his Second Amended Complaint with the assistance of counsel.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of September, 2014.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record