UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY LEE KENDALL,

       Plaintiff,
v.                                  Case No. 8:14-cv-924-T-33TGW

ERIC K. SHINSEKI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,[1]

       Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant United States Department of Veterans Affairs' (V.A.) Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 28), filed on October 31, 2014. Plaintiff Tracy Lee Kendall filed a response in opposition to the Motion (Doc. # 29) on November 14, 2014. For the reasons stated below, the Court grants the V.A.'s Motion to Dismiss.

**I.   Background**

Kendall initiated this action by filing a pro se Complaint against the V.A. on April 17, 2014, alleging that

---

[1] On July 29, 2014, the United States Senate confirmed Robert A. McDonald as Secretary of the Veterans Affairs. (Doc. # 18 at 1).

an Equal Employment Opportunity Commission appellate affirmation of a V.A. final order was decided incorrectly. (Doc. # 1). Kendall stated that his claim arose from his EEO complaint "alleging employment discrimination in violation of" 29 U.S.C. §§ 791, 794, and 42 U.S.C. § 2000e-16. (Id.). He attached two "briefs" as exhibits to his Complaint, as well as a decision entered by the EEOC on June 26, 2013. (Doc. ## 1-1, 1-2, 1-4). Considered collectively, these documents spanned eighty-one pages.

On June 30, 2014, in response to the initial Complaint, the V.A. filed a detailed Motion to Dismiss. (Doc. # 5). The V.A. highlighted various deficiencies present in the Complaint, including that "[Kendall] does not make a jurisdictional statement or set[] forth a request for relief." (Id. at 7). At the time, Kendall was appearing pro se. Kendall missed the deadline to respond to the initial Motion to Dismiss. Nevertheless, in an abundance of fairness, and after conducting a hearing on the matter, the Court entered a detailed Order granting the initial Motion to Dismiss and authorizing Kendall to file an Amended Complaint, on or before August 22, 2014, to cure the deficiencies identified in the initial Complaint. (Doc. ## 8, 12).

On August 20, 2014, Kendall, who had yet to secure the representation of counsel at that time, filed a two page Amended Complaint. (Doc. # 15). The Amended Complaint predicated the Court's subject matter jurisdiction upon complete diversity of citizenship (even though Kendall is suing the United States). Kendall alleged only three "grounds" for relief, and demanded "restitution in the amounts of $400,000.00." (Id. at ¶ 4).

The V.A. responded to the Amended Complaint on September 3, 2014, by filing a Motion to Dismiss. (Doc. # 18). The V.A. sought dismissal of the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Id.). In the Motion, the V.A. pointed out that "the Amended Complaint does not identify a statute under which the Court may exercise subject matter jurisdiction over [Kendall's] purported case." (Id. at 3). In addition, assuming arguendo that Kendall predicated the Court's subject matter jurisdiction on application of the Americans with Disabilities Act and/or the Rehabilitation Act, the V.A. correctly noted that "[Kendall] has not provided any factual allegations that would support a claim for relief under either statute." (Id. at 4). The V.A. also indicated that the Amended

3

Complaint was silent with respect to Kendall's exhaustion of administrative remedies. (Id. at 9).

On September 26, 2014, counsel entered a notice of appearance on behalf of Kendall (Doc. # 23), and filed a response in opposition to the Motion to Dismiss. (Doc. # 25). However, the response did not address any of the points raised in the V.A.'s Motion to Dismiss. Rather, in a conclusory manner, counsel for Kendall responded that:

> While concise and pled pro se, it is apparent from the four corners of the Complaint and attached exhibits thereto that the motion to dismiss must be denied. Moreover, Plaintiff Tracy Lee Kendall has stated proper causes of action against Defendant in his Complaint and, should discovery lead to the conclusion that the causes of action be changed, Plaintiff Tracy Lee Kendall must be given the opportunity to amend his Complaint.

(Id. at 2).[2] Counsel for Kendall also argued: "Regarding the causes of action in question, the allegations pled meet [the] requirements." (Id. at 3).

Notably, counsel for Kendall never clarified what Kendall's "causes of action" might be. Therefore, this Court dismissed the Amended Complaint without prejudice and with leave for Kendall to file a Second Amended Complaint with the

---

[2] The Court notes that the Amended Complaint included no exhibits.

4

assistance of counsel on or before October 17, 2014.[3] Thereafter on October 17, 2014, Kendall filed his Second Amended Complaint. (Doc. # 27). The V.A. filed its Motion to Dismiss Plaintiff's Second Amended Complaint on October 31, 2014 (Doc. # 28), which is now ripe for the Court's review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[3] The Court acknowledges that the Case Management and Scheduling Order deadline for amendment of pleadings expired on September 15, 2014. (Doc. # 9). Nevertheless, the Court found good cause to grant Kendall a final opportunity to amend after the expiration of this deadline.

5

> will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Discussion

According to the V.A., Kendall has failed to state a claim for discrimination. (Doc. # 28 at 2). The V.A. contends that Kendall filed his Second Amended Complaint, asserting subject matter jurisdiction pursuant to the Rehabilitation Act of 1973. (Id.). "[Kendall] claims he has been retaliated against because he 'engaged in the statutorily protected activities of applying for work as an engineering drafting technician and then of accepting a lower position as a

6

housekeeping aide, reporting to work and informing supervisors of a disability and a need for reasonable accommodations.'" (Id.). Nonetheless, the V.A. argues that Kendall has not stated a claim upon which the Court may grant relief and the case should therefore be dismissed. (Id.).

The V.A. states that claims brought under the Rehabilitation Act, 29 U.S.C. § 701, et seq., are analyzed pursuant to the same standards set forth in Title VII of the Civil Rights Act of 1964 and Title III of the Americans with Disabilities (ADA) cases. (Id. at 3). The Rehabilitation Act prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability. 29 U.S.C. § 791. To establish a prima facie case of discrimination under the Rehabilitation Act, an individual must show that (1) he has a disability, (2) he is otherwise qualified for the position, and (3) he was subjected to unlawful discrimination as the result of his disability. Sutton v. Lader, 185 F.3d 1203, 1207-08 (11th Cir. 1999).

Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases

7

to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Title VII "prohibits employment discrimination on the basis of race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Disparate treatment can constitute illegal discrimination when "an employer has treated a particular person less favorably than others because of a protected trait." Ricci v. DeStefano, 557 U.S. 557, 577 (2009) (quotation marks and alterations omitted). Although a plaintiff need not satisfy the McDonnell Douglas framework at the pleading stage in order to state a claim for disparate treatment, the "ordinary rules for assessing the sufficiency of a complaint [still] apply." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002); see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, it must provide enough factual matter (taken as true) to suggest intentional discrimination.").

"Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact in issue without inference or presumption. Only the most blatant remarks, whose intent could be nothing other than to discriminate on

8

the basis of [a protected characteristic] constitute direct evidence of discrimination." Tippie v. Spacelabs Med., Inc., 180 F. App'x 51, 54 (11th Cir. 2006) (quoting Bass v. Bd. of Cnty. Comm'rs, Orange Cnty., Fla., 256 F.3d 1095, 1105 (11th Cir. 2001)).

Kendall has alleged no facts that would constitute direct evidence of discrimination. Similarly, Kendall alleged no facts that would constitute circumstantial evidence of discrimination. Kendall simply alleges in a conclusory fashion that ". . . Kendall was discriminated and retaliated against when he was not provided the requested reasonable accommodation (to not have to work on wet floors, bend, walk, climb, stand for one hour, etc.) to perform his job as a housekeeping aid." (Doc. # 27 at 4). Kendall contends that "he was also discriminated against because of his disability when he was not hired for the engineering position (for which he would not have needed an accommodation but had informed the Defendant of his status as preferential as an above 30% disabled veteran) but offered the housekeeping aid position." (Id. at 7). Kendall does not allege any specific and concrete facts demonstrating that he has a plausible claim for discrimination that rises above the speculative level. Therefore, he has failed to state a claim for discrimination

under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.

Furthermore, Kendall does not provide direct or circumstantial evidence of retaliation against him. To establish a prima facie case of retaliation under the Rehabilitation Act, a plaintiff must show: "(1) he was engaged in statutorily protected expression, (2) he suffered a materially adverse action, and (3) there was some causal relationship between the two events." Simpson v. State of Ala. Dept. of Human Res., 501 F. App'x. 951, 954 (11th Cir. 2012)(unpublished). In reviewing the Second Amended Complaint, and exhibit attached thereto, Kendall has not set forth allegations that satisfy the causal link portion of the above standard for retaliation. Kendall simply contends that the causal link between (1) applying for an engineering drafting technician position and then accepting a lower position as a housekeeping aide and then (2) being terminated, is close proximity in time. (Doc. # 27 at 5). The decision rendered by the U.S. Equal Employment Opportunity Commission (EEOC), attached to the Second Amended Complaint as Exhibit A, supports the V.A.'s argument that Kendall lacks requisite facts to establish a discrimination and retaliation claim. (Doc. # 27-1). The EEOC found that Kendall "failed to

demonstrate that the Agency's reasons for selecting the selectee were a pretext for discrimination." (Id. at 3). Also, the EEOC concluded that Kendall had "failed to establish a prima facie case of retaliation" as the "Chief of the Environmental Management Service" who recommended that Kendall be terminated had no knowledge of Kendall's EEOC activities. (Id.).

Despite this being Kendall's third attempt at pleading adequate factual allegations for claims of discrimination and retaliation under the Rehabilitation Act, it is simply not enough. Kendall has failed to set forth facts supporting his contention that the V.A.'s employment actions were taken solely because of his disability. Thus, for the reasons stated above the Motion is granted and this case is dismissed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The V.A.'s Motion to Dismiss Second Amended Complaint (Doc. # 18) is **GRANTED**.

(2) This case is dismissed.

(3) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of November, 2014.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

12