```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

TRACY LEE KENDALL,

    Plaintiff,

  v.                            Case No. 8:14-cv-924-T-33TGW

ROBERT A. MCDONALD, SECRETARY,
DEPARTMENT OF VERTERANS AFFAIRS,

    Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Tracy Lee Kendall's Motion for Reconsideration (Doc. # 31), filed on November 26, 2014. For the reasons stated below, the Court denies the Motion.

**I.   Background**

Kendall initiated this action by filing a pro se Complaint against Defendant Robert A. McDonald, Secretary, Department of Veterans Affairs (V.A.) on April 17, 2014, alleging that an Equal Employment Opportunity Commission appellate affirmation of a V.A. final order was decided incorrectly. (Doc. # 1). Kendall stated that his claim arose from his EEO complaint "alleging employment discrimination in

violation of" 29 U.S.C. §§ 791, 794, and 42 U.S.C. § 2000e-16. (Id.). He attached two "briefs" as exhibits to his Complaint, as well as a decision entered by the EEOC on June 26, 2013. (Doc. ## 1-1, 1-2, 1-4). Considered collectively, these documents spanned eighty-one pages.

On June 30, 2014, in response to the initial Complaint, the V.A. filed a detailed Motion to Dismiss. (Doc. # 5). The V.A. highlighted various deficiencies present in the Complaint, including that "[Kendall] does not make a jurisdictional statement or set[] forth a request for relief." (Id. at 7). At the time, Kendall was appearing pro se. Kendall missed the deadline to respond to the initial Motion to Dismiss. Nevertheless, in an abundance of fairness, and after conducting a hearing on the matter, the Court entered a detailed Order granting the initial Motion to Dismiss and authorizing Kendall to file an Amended Complaint, on or before August 22, 2014, to cure the deficiencies identified in the initial Complaint. (Doc. ## 8, 12).

On August 20, 2014, Kendall, who had yet to secure the representation of counsel, filed a two page Amended Complaint. (Doc. # 15). The Amended Complaint predicated the Court's subject matter jurisdiction upon complete diversity of citizenship (even though Kendall is suing the United

2

States). Kendall alleged only three "grounds" for relief, and demanded "restitution in the amounts of $400,000.00." (Id. at ¶ 4).

The V.A. responded to the Amended Complaint on September 3, 2014, by filing a Motion to Dismiss. (Doc. # 18). The V.A. sought dismissal of the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Id.). In the Motion, the V.A. pointed out that "the Amended Complaint does not identify a statute under which the Court may exercise subject matter jurisdiction over [Kendall's] purported case." (Id. at 3). In addition, assuming arguendo that Kendall predicated the Court's subject matter jurisdiction on application of the Americans with Disabilities Act and/or the Rehabilitation Act, the V.A. correctly noted that "[Kendall] has not provided any factual allegations that would support a claim for relief under either statute." (Id. at 4). The V.A. also indicated that the Amended Complaint was silent with respect to Kendall's exhaustion of administrative remedies. (Id. at 9).

On September 26, 2014, counsel entered a notice of appearance on behalf of Kendall (Doc. # 23), and filed a response in opposition to the Motion to Dismiss. (Doc. # 25).

3

However, the response did not address any of the points raised in the V.A.'s Motion to Dismiss. Rather, in a conclusory manner, counsel for Kendall responded that:

> While concise and pled pro se, it is apparent from the four corners of the Complaint and attached exhibits thereto that the motion to dismiss must be denied. Moreover, Plaintiff Tracy Lee Kendall has stated proper causes of action against Defendant in his Complaint and, should discovery lead to the conclusion that the causes of action be changed, Plaintiff Tracy Lee Kendall must be given the opportunity to amend his Complaint.

(Id. at 2).[1] Counsel for Kendall also argued: "Regarding the causes of action in question, the allegations pled meet [the] requirements." (Id. at 3).

Notably, counsel for Kendall never clarified what Kendall's "causes of action" might be. Therefore, this Court dismissed the Amended Complaint without prejudice and with leave for Kendall to file a Second Amended Complaint with the assistance of counsel on or before October 17, 2014.[2] Thereafter on October 17, 2014, Kendall filed his Second Amended Complaint. (Doc. # 27). The V.A. filed its Motion to

---

[1] The Court notes that the Amended Complaint included no exhibits.

[2] The Court acknowledges that the Case Management and Scheduling Order deadline for amendment of pleadings expired on September 15, 2014. (Doc. # 9). Nevertheless, the Court found good cause to grant Kendall a final opportunity to amend after the expiration of this deadline.

4

Dismiss Plaintiff's Second Amended Complaint on October 31, 2014 (Doc. # 28). On November 16, 2014, this Court granted the Motion and dismissed this case. (Doc. # 30). Thereafter, on November 26, 2014, Kendall filed a Motion for Reconsideration, which is presently before this Court. (Doc. # 31).

## II.  Discussion

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

5

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11 (internal citation and quotation omitted).

In the present Motion, Kendall requests that this Court reconsider its Order dismissing the case for failure to state a claim. (See Doc. # 31). However, the Court finds that Kendall has failed to meet his burden of demonstrating the grounds necessary to allow this Court to reconsider its Order. Kendall does not assert that there has been an intervening change in the law and presents no new evidence. In addition, Kendall fails to demonstrate that reconsideration is

6

necessary to prevent manifest injustice or clear error. Instead, Kendall uses this Motion as a vehicle to relitigate issues already decided by this Court; namely, whether Kendall set forth sufficient factual allegations to state a claim for discrimination. This Court provided Kendall with three opportunities to meet the requisite pleading standard, which Kendall failed to do, even when represented by counsel. The Court also notes that when counsel appeared on Kendall's behalf, counsel was on notice that the Court had already provided him with two opportunities to meet the pleading requirements set forth in the federal rules. Through this Motion Kendall and his counsel seek unlimited opportunities to sufficiently plead his claims. However, this Court is not persuaded by these arguments.

The Court (1) stands behind its November 16, 2014, Order (Doc. # 30), which dismissed this case for failure to state a claim and (2) gave careful consideration to the allegations set forth in Kendall's Second Amended Complaint and held, as it does today, that it should be dismissed for failure to state a claim. Kendall should note that although this Court dismissed his case, it was done so without prejudice. (See Doc. # 30). Thus, Kendall may refile this action setting forth

7

sufficient factual allegations for his discrimination claims. Therefore, this Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Tracy Lee Kendall's Motion for Reconsideration (Doc. # 31) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of December, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record